## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION       MDL No. 2672

## TRANSFER ORDER

**Before the Panel**:  Plaintiff in the *Feinman* action pending in the Western District of Virginia and listed on the attached Schedule A moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring his action to MDL No. 2672. Volkswagen Group of America, Inc. (VW) opposes the motion.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2672, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions regarding the role of VW and related entities in equipping certain 2.0 and 3.0 liter diesel engines with software allegedly designed to engage emissions controls only when the vehicles undergo official testing, while at other times the engines emit nitrous oxide well in excess of legal limits. *See In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 148 F. Supp. 3d 1367 (J.P.M.L. 2015). This action involves allegations related to the "clean diesel" scandal, given that plaintiff represented numerous participants in one of the class settlements reached in the MDL and now seeks to recover attorney fees from VW. Without doubt, this action falls within the MDL's ambit.

Plaintiff argues, in part, against transfer that federal courts lack jurisdiction over his action. Plaintiff can present his motion for remand to the transferee judge.[1] *See, e.g., In re: Ivy*, 901 F. 2d 7, 9 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff also argues that his action to recover attorney fees is unique and should not be transferred. Despite any potentially unique claims, transfer of the action is consistent with the initial transfer order in this docket, in light of the action's genesis in the diesel emissions fraud. Where, as here, "common factual issues exist, . . . the presence of different legal theories among the subject actions

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

is not a bar to centralization." *In re: Bank of New York Mellon Corp. Foreign Exch. Transactions Litig.*, 857 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012). Defendant also argues that the most efficient way to proceed with *Feinman* is to transfer the action and allow Judge Breyer to effectuate his recent ruling granting VW's motion to enforce the MDL settlement. Plaintiff did not respond to this assertion.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

by: _____
Deputy Clerk
Date: 06 June 2019

**IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING,**
**SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**  MDL No. 2672

## SCHEDULE A

<u>Western District of Virginia</u>

FEINMAN v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 7:19-55